# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

OSCAR MONTOYA                                                              PLAINTIFF

V.                      CASE NO. 3:18-CV-00091 JTK

SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

## ORDER

**I.**   **Introduction:**

Plaintiff, Oscar Montoya ("Montoya"), applied for disability benefits on April 27, 2016, alleging a disability onset date of January 1, 2015. (Tr. at 15). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 32-33). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Montoya has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

**II.**   **The Commissioner's Decision:**

The ALJ found that Montoya had not engaged in substantial gainful activity since the alleged onset date of January 1, 2015. (Tr. at 18). The ALJ found, at Step Two of the sequential five-step analysis, that Montoya has the following severe impairments: degenerative disc disease of cervical and lumbar spine, osteoarthritis of bilateral knees, hypertension, residuals of right carpal tunnel syndrome, and obesity. *Id*.

At Step Three, the ALJ determined that Montoya's impairments did not meet or equal a

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

listed impairment. (Tr. at 21. Before proceeding to Step Four, the ALJ determined that Montoya had the residual functional capacity ("RFC") to perform sedentary work except that: 1) he can only occasionally overhead reach; 2) he can only occasionally climb ropes and stairs; 3) he can only occasionally balance, stoop, kneel, crouch, and crawl; 4) he can only occasionally push and pull with the lower extremities; and 5) he can frequently handle and finger. (Tr. at 22).

The ALJ found Montoya was unable to perform any past relevant work. (Tr. at 31). Relying on the testimony of the Vocational Expert ("VE"), the ALJ found that, based on Montoya's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Montoya is capable of performing. (Tr. at 32). Those jobs are assembler, Dictionary of Occupational Titles ("DOT") 739.684-094, and inspector, DOT 521.687-086. *Id.* Based on the Step Five determination, the ALJ held that Montoya was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.  Montoya's Arguments on Appeal

Montoya argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ did not give proper weight to the medical opinions and that the ALJ did not resolve an inconsistency between the DOT and the VE testimony. The Court agrees with Montoya and finds that remand is proper.

The pivotal question in this case is whether the jobs identified by the VE require more than the RFC prescribes. The ALJ assigned an RFC with only *occasional* overhead reaching, and the jobs of assembler and inspector require *frequent* reaching, which the DOT defines as extending hands and arms in any direction. See DOT 739.684-094 (Assembler); DOT 521.687-086 (Inspector); Def. Br. at 10. This is a conflict that the VE did not sufficiently explain.

Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin,* 496 F.3d 918, 920-21 (8th Cir. 2007); see Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). In this case, the ALJ asked: "Your testimony today, is it consistent with the DOT?" (Tr. at 63). The VE responded: "It is, but I will state . . .that the exception of the over – occasional overhead reach, the DOT does not address directional reaching. So that's based on my experience." (Tr. at 63). One wonders *what* is based on experience and *how* that experience explains the conflict. A more searching inquiry was required.

The Eighth Circuit has held that a limitation to occasional overhead work conflicted with DOT jobs requiring frequent reaching. *Humphrey v. Berryhill*, 2019 U.S.Dist. LEXIS 50243 *18 (E.D. Mo. March 26, 2019). In a case of such conflict, the ALJ must obtain clarification from the

3

VE about the conflict; here, the inquiry and response were insufficient. Rather than explain the jobs identified and the specific reaching requirements, the VE only responded that he relied on his experience to clear up the matter. He said the DOT was silent on overhead reaching but offered no support or citation to references for clarification. Thus, the ALJ's reliance on the VE's testimony was not supported by substantial evidence. *Humphrey, supra*, at \*17 (remand was proper in the face of a DOT conflict where the VE provided "no insight into the issue"); *see instead*, *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014)(the ALJ resolved the apparent conflict by extensively questioning the VE, who cited to a professional journal to support her testimony).

## IV. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not obtain sufficient resolution of an apparent conflict between the DOT and the VE testimony. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 13th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE